UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HANSEL A. MARMOL,                                          Civil Action No.

                          Plaintiff,

            -against-

MMMSG, INC. d/b/a/ HIDE CHAN RAMEN,
RYUICHI MUNEKATA, and HIDETO KAWAHARA,

                          Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiff, Hansel A. Marmol, as and for his Complaint against Defendants, MMMSG, Inc. d/b/a/ Hide Chan Ramen, Ryuichi Munekata, and Hideto Kawahara ("Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1.      The Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law (hereinafter the "NYLL"), and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2.      Jurisdiction over the Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

PARTIES

5.      Plaintiff, Hansel A. Marmol ("Plaintiff"), is a resident of Bronx, New York.

6.      Plaintiff has been employed by defendants as a food preparer from 2010 until the present.

7.      Upon information and belief, Defendant MMMSG, Inc. d/b/a/ Hide Chan Ramen ("MMMSG, Inc.") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Upon information and belief, Defendant MMMSG, Inc. operates a restaurant located at 248 East 52nd Street, 2nd Floor, New York, New York 10022.

9.      Upon information and belief, Defendant Ryuichi Munekata ("Munekata") is a resident of the State of New York.

10.      At all relevant times, Defendant Munekata was and still is an owner of Defendant MMMSG, Inc. Upon information and belief, at all times relevant, Defendant Munekata exercised operational control over MMMSG, Inc., controlled significant business functions of MMMSG, Inc., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of MMMSG, Inc. in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Munekata has been an employer under the FLSA and the NYLL.

11.      Upon information and belief, Defendant Hideto Kawahara ("Kawahara") is a resident of the State of New York.

12.     At all relevant times, Defendant Kawahara was and still is an owner of Defendant MMMSG, Inc. Upon information and belief, at all times relevant, Defendant Kawahara exercised operational control over MMMSG, Inc., controlled significant business functions of MMMSG, Inc., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of MMMSG, Inc. in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees.  As such, at all relevant times, Kawahara has been an employer under the FLSA and the NYLL.

## FACTS

13.     Upon information and belief, Defendant Munekata and Defendant Kawahara own Defendant MMMSG, Inc. located at 248 East 52nd Street, 2nd Floor, New York, New York 10022.

14.     At all times relevant to this action, Plaintiff was employed as a food preparer for the benefit of and at the direction of Defendants.

15.     During his employment, Plaintiff's primary job responsibilities as a food preparer for Defendants included preparing food for Defendants' patrons.

16.     Both Munekata and Kawahara participated in the decision to hire Plaintiff.

17.     Both Munekata and Kawahara participated in supervising Plaintiff.

18.     The Plaintiff's rate of pay was set by both Munekata and Kawahara.

19.     The manner in which the Plaintiff was paid was set by both Munekata and Kawahara.

20.     The Plaintiff's work schedule was set by both Munekata and Kawahara.

21.     From around 2010 until 2016, Plaintiff worked 6 days a week.

22.     During this time, Plaintiff punched in when his shift began and punched out when his shift ended.

23.     During this time, Plaintiff worked 10 hour shifts or 12 hours shifts.

24.     During this time, Plaintiff worked either 60 hours a week or 72 hours a week.

25.     In 2013, Plaintiff worked the 9:00 a.m. to 9:00 p.m. shift 6 days a week.

26.     In 2013, Plaintiff worked 72 hours a week.

27.     In 2015, Plaintiff worked the 8:00 a.m. to 6:00 p.m. shift 6 days a week.

28.     In 2015, Plaintiff worked 60 hours a week.

29.     In 2010, 2011, 2012, and 2014, Plaintiff worked the 10:00 a.m. to 8:00 p.m. shift or the 11:00 a.m. to 11:00 p.m. shift.

30.     During these years, Plaintiff worked either 60 hours a week or 72 hours a week depending on the shift Defendants assigned Plaintiff to work.

31.     From 2010 to 2016, Plaintiff was not given any uninterrupted meal breaks during his shifts and was required to eat while working.

32.     In 2010 and 2011, Defendants paid Plaintiff by the hour.

33.     In 2010, Defendants paid Plaintiff in cash for about 3 months.

34.     Otherwise, in 2010 and 2011, Defendants paid Plaintiff by check.

35.     During this time, 2010 and 2011, Defendants paid Plaintiff straight time for all hours that he worked.

36.     During this time, 2010 and 2011, Defendants did not pay Plaintiff overtime compensation.

37.     During this time, 2010 and 2011, Defendants did not pay Plaintiff time and a half his regular rate of pay when he worked more than 40 hours each week.

38.     During the years 2012, 2013, 2014, and 2015, Defendants paid Plaintiff a set salary each week.

39.     During this time, Defendants did not pay Plaintiff overtime compensation.

40.     During this time, Defendants did not pay Plaintiff time and a half his regular rate of pay when he worked more than 40 hours each week.

41.     During this time, Defendants paid Plaintiff by check.

42.     From 2010 to 2016, Plaintiff worked shifts in excess of 10 hours.

43.     From 2010 to 2016, Defendants did not pay Plaintiff spread of hours compensation.

44.     In 2016, Plaintiff has worked 5 days a week.

45.     In 2016, Plaintiff has worked the 8:00 a.m. to 6:00 p.m. shift.

46.     In 2016, Plaintiff has only been given a 15 minute uninterrupted meal break per shift.

47.     In 2016, Plaintiff has worked 48.75 hours each week.

48.     In 2016, Defendants have paid Plaintiff by the hour.

49.     In 2016, Defendants have paid Plaintiff straight time for all hours that he has worked each week.

50.     In 2016, Defendants have not paid Plaintiff overtime compensation.

51.     In 2016, Defendants have not paid Plaintiff time and a half his regular rate of pay when he has worked more than 40 hours each week.

52.     In 2016, Defendants have paid Plaintiff partly in cash and partly by check each week.

53.     In 2016, Plaintiff has punched in when his shift began and has punched out when his shift has ended.

54.     During his entire employment, Defendants have managed the Plaintiff's employment, including the amount of overtime that he has worked each week.

55.     During his entire employment, Defendants have dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

56.     During his entire employment, Defendants have been aware of the Plaintiff's work hours, but have failed to pay the Plaintiff the full amount of wages to which he has been entitled for this work time under the law.

57.     Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for the Plaintiff's rights; and the Plaintiff has been damaged by such failures.

## COUNT I
### FLSA Overtime Claim

58.     Plaintiff alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

59.     At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

60.     At all times relevant to this Complaint, Defendants "employed" the Plaintiff by suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

61.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(l ).

62.     At all times relevant to this Complaint, the corporate Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)). As such, the corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

63.     Upon information and belief, the gross annual volume of sales made or business done by corporate Defendant MMMSG, Inc. for the years 2015, 2014, and 2013 was not less than $500,000.00.

64.     At all times relevant to this action, the Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq.*

65.     Section 207(a)(l ) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

66.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the Plaintiff overtime compensation as required by the FLSA.

67.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(l ) of the FLSA.

68.     However, none of the Section 13 exemptions apply to the Plaintiff because he has not met the requirements for coverage under the exemptions.

69.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

70.     Defendants have not acted in good faith with respect to the conduct alleged herein.

71.     As a result of Defendants' violations of the FLSA, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### NYLL Overtime Claim

72.     The Plaintiff alleges, re-alleges, and incorporates by reference all allegations from all preceding paragraphs as though fully set forth herein.

73.     At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the NYLL and the Regulations pertaining thereto.

74.     At all times relevant to this Complaint, the Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the Regulations pertaining thereto.

75.     At all times relevant to this Complaint, Defendants employed the Plaintiff, suffering or permitting him to work within the meaning of NYLL and the Regulations pertaining thereto.

76.     At all times relevant to this Action, the Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

77.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA.  12 N.Y.C.R.R. §142-2.2.

78.     By the above-alleged conduct, Defendants have failed to pay the Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

79.     By the above-alleged conduct, Defendants failed to pay the Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

80.     The Plaintiff is not exempt from the overtime provisions of the NYLL and the Regulations, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

81.     Defendants have acted willfully and have either known that their conduct violated the NYLL and the Regulations pertaining thereto or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

82.     As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation pursuant to the NYLL.

## COUNT III
### Failure to Pay Spread of Hours Compensation Claim

83.     At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the NYLL and the Regulations pertaining thereto.

84.     At all times relevant to this Complaint, the Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the Regulations pertaining thereto.

85.     At all times relevant to this Complaint, Defendants employed the Plaintiff, suffering or permitting him to work within the meaning of the NYLL and the Regulations pertaining thereto.

86.     In violation of the NYLL and the regulations pertaining thereto, Defendants failed to pay the Plaintiff an additional hour of pay when the spread of hours between the beginning and end of the Plaintiff's workday exceeded ten (10).

87.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to the Plaintiff's rights.

88.     As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV
### NYLL Failure to Provide Wage Notices Claim

89.     Defendants willfully failed to furnish the Plaintiff with wage notices during the entirety of his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by the Plaintiff as his primary language, which were to contain, among other things, the Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the Plaintiff's regular hourly rates of pay and overtime rates of pay.

90.     Through their knowing and intentional failure to provide the Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

91.     Due to Defendants' willful violations of the NYLL, the Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of the Plaintiff, for a sum that will properly, adequately, and completely compensate the Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.      Declare and find that the Defendants committed one or more of the following acts:

      1.      Violated provisions of the FLSA by failing to pay overtime wages to the Plaintiff;

      2.      Willfully violated overtime provisions of the FLSA;

      3.      Violated the provisions of the NYLL by failing to pay the Plaintiff overtime and spread of hours pay;

      4.      Willfully violated such provisions of the NYLL.

B.      Award compensatory damages, including all overtime compensation, spread of hours compensation, in an amount according to proof;

C.      Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

- 11 -

D.     Award all costs, attorney's fees incurred in prosecuting this action

as well as liquidated damages under the FLSA and NYLL; and

E.     Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
      September 26, 2016

By: Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, NY 11758
Tel: (516) 228-5100
Fax: (516) 228-5106
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **MMMSG Inc** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **MMMSG Inc** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.


*HANSEN*
_____
Firma (Signature)


_____
Hansel Marmol


_____
1685 Topping  Ave. Apt 33


_____
Bronx, NY,